Filed 8/25/16  P. v. Medina CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064325 |
| v. | (Super.Ct.No. FWV1403928) |
| ALEJANDRO MEDINA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

In this Proposition 47 case, defendant Alejandro Medina appeals an order denying his petition for resentencing as to his conviction for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)).[1] Defendant contends Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), implicitly includes the offense of receiving a stolen vehicle under section 496, subdivision (a), which makes the receipt of stolen property valued at $950 or less punishable as a misdemeanor under Proposition 47. Defendant alternatively contends that denial of his petition for resentencing violated his equal protection rights.

We conclude a conviction for violating section 496d, subdivision (a), does not qualify for resentencing under Proposition 47. We also reject defendant's equal protection challenge. The trial court therefore did not err in denying defendant's petition for resentencing, and the judgment is affirmed.

I

FACTS AND PROCEDURAL BACKGROUND

In October 2014, defendant pled no contest to buying or receiving a stolen motor vehicle (§ 496d). Defendant also admitted a gang enhancement (§ 186.22, subd. (b)) and a prior conviction for receiving a stolen vehicle (§ 666.5, subd. (a)). During the plea hearing, counsel stipulated that the police reports in the court file provided a factual basis for the plea. The trial court sentenced defendant to three years in prison.

In July 2015, defendant filed a petition for resentencing under Proposition 47. The trial court held a hearing on the petition and denied the petition on the ground defendant

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

was "statutorily ineligible due to the nature [of] the charges. . . . And again it is this Court's view that the charge of 496(d), receiving stolen property, a stolen vehicle, the defendant is statutorily ineligible due to that charge regardless of the value of the vehicle."

## II

## PROPOSITION 47

On November 4, 2014, voters enacted Proposition 47, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

Proposition 47 amended section 496 (buying or receiving stolen property) to provide that if the value of the property at issue is $950 or less, the offense is a misdemeanor. (§ 496, subd. (a).) The former version of section 496 gave the prosecution discretion to charge the offense as a misdemeanor if the value of the property did not exceed $950 and the district attorney or grand jury determined that charging the crime as a misdemeanor would be in the interests of justice. (Former § 496, added by Stats. 2011,

3

ch. 15, § 372, eff. April 4, 2011, operative Oct. 1, 2011.)  In effect, Proposition 47 changed the section 496 offense of receiving stolen property not exceeding $950, from a wobbler to a misdemeanor.  Proposition 47, however, did not amend section 496d, the section under which defendant was convicted for receiving a stolen vehicle.

III

ELIGIBILITY FOR RESENTENCING UNDER SECTION 496D

Defendant contends his conviction for violating section 496d, subdivision (a), qualifies for resentencing under Proposition 47.  The trial court ruled a section 496d offense is ineligible for resentencing.  We agree.

Section 496d, subdivision (a), states in relevant part that "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both."  The crime of receiving a stolen vehicle in violation of section 496d, subdivision (a), remains a wobbler, a crime punishable as either a felony or a misdemeanor.  (§§ 17, subds. (a) & (b), 496d, subd. (a).)

Proposition 47's resentencing provision, section 1170.18, subdivision (a), provides:  "A person currently serving a sentence for a conviction . . . of a felony . . . who

4

would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

In order to be eligible for resentencing, defendant must be a person "who would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense. Because a section 496d crime remains a wobbler, defendant would not necessarily have been guilty of a misdemeanor had Proposition 47 been in effect when defendant committed the section 496d crime of receiving a stolen vehicle. After the voters approved Proposition 47, the prosecution retained the ability to charge a section 496d violation as either a misdemeanor or a felony. Therefore defendant is ineligible for resentencing under Proposition 47. He is not a person "who would have been guilty of a misdemeanor" under Proposition 47.

Defendant contends that section 496, as amended by Proposition 47, provides broad language impliedly qualifying a section 496d crime for resentencing as a misdemeanor if the stolen vehicle is worth $950 or less. Section 496 is one of the enumerated statutes qualifying for resentencing under section 1170.18, subdivision (a). Defendant reasons that because section 496, subdivision (a), makes receipt of any stolen property worth less than $950 a misdemeanor, and a vehicle is a form of property, his

conviction under section 496d for receiving a stolen vehicle must be reduced to a misdemeanor. We are not persuaded.

We recognize the language, "any property," included in section 496, subdivision (a) is broad enough to encompass a stolen vehicle. However, Proposition 47 only applies to those crimes in which the defendant "would have" been guilty of a misdemeanor, as opposed to crimes in which a defendant "could have" been guilty of a misdemeanor if the prosecution in its discretion chose to charge the defendant more leniently. In the instant case, Proposition 47 does not operate to reduce defendant's sentence because the prosecution would have had the discretion to prosecute defendant's section 496d crime as a felony even after the passage of Proposition 47, and most likely would have done so, because the same sentencing considerations applied to defendant's offense before as well as after the passage of Proposition 47.

Language in other portions of Proposition 47 also supports this conclusion. Section 490.2, which was added by Proposition 47, provides a definition of petty theft which begins with the phrase, "Notwithstanding Section 487 or any other provision of law defining grand theft . . . ." Similarly, section 459.5, which was also added by Proposition 47, provides a definition of shoplifting which begins with the phrase: "Notwithstanding Section 459 [burglary] . . . ." This "notwithstanding" language is notably absent from section 496. Because that provision contains no reference to section 496d and Proposition 47 did not amend section 496d to require sentencing as a misdemeanor, it is reasonable to assume the drafters of Proposition 47 intended section 496d to remain intact as a wobbler, with the prosecution retaining discretion to charge a

6

section 496d offense as a felony. The absence of any reference in Proposition 47 to section 496d, including in the list of crimes eligible for resentencing, shows that section 496d was intended to remain beyond Proposition 47's reach. (See *Barnhart v. Peabody Coal Co.* (2003) 537 U.S. 149, 168.) We conclude defendant's section 496d conviction therefore does not qualify for resentencing as a matter of law.

IV

EQUAL PROTECTION

Defendant alternatively argues that denying his petition for resentencing on his section 496d conviction for receiving a stolen vehicle violates his constitutional right to equal protection. Defendant argues that a person convicted of receiving a stolen vehicle with a value of $950 or less, in violation of section 496d, is similarly situated to a person convicted of receiving stolen property or theft of property with a value of $950 or less, in violation of sections 496, subdivision (a), 487, subdivision (d)(1), or 490.2. Under Proposition 47, section 496 and 490.2 convictions are listed as eligible for resentencing, whereas a section 496d conviction is not a listed eligible offense.

The federal equal protection clause (U.S. Const., 14th Amend.) and the California equal protection clause (Cal. Const., art. I, § 7, subd. (a)) provide that all persons similarly situated should be treated alike. The California Supreme Court in *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 (*Wilkinson*) instructs that "[a] defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.' [Citations.]" Therefore, the rational basis test is applicable here to an equal protection challenge involving "'an alleged sentencing disparity.'"

7

(*Ibid*.) Our Supreme Court also has applied the rational basis test to an alleged statutory disparity: "Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."' [Citation.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).)

In *Johnson*, the court explained that application of the rational basis standard "'does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in "'rational speculation'" as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record."' [Citation.]" (*Johnson, supra,* 60 Cal.4th at p. 881.) Therefore, "[t]o mount a successful rational basis challenge, a party must '"negative every conceivable basis"' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its '"wisdom, fairness, or logic."' [Citations.]" (*Ibid.*)

Defendant argues that a defendant would qualify for resentencing for the same criminal act of receiving a stolen vehicle worth $950 or less, if convicted under section 496. But section 496, is a more general statute, which is not limited just to the receipt of stolen vehicles, as is section 496d, subdivision (a). Under the well-known cannon of statutory construction, "'A specific provision relating to a particular subject will govern a

8

general provision . . . .'" (*People v. Tanner* (1979) 24 Cal.3d 514, 538.)  Here, the district attorney chose to prosecute defendant under the narrower statute, section 496d, which specifically applies to defendant's crime of receiving a stolen vehicle.  It is reasonable to assume the voters intended that the crime of receiving a stolen vehicle would normally be charged and prosecuted under the more narrowly tailored statute, section 496d, rather than section 496, and that resentencing would not apply under Proposition 47 to a conviction for a section 496d crime, since section 496d is not mentioned or amended in Proposition 47.

There are several plausible reasons for the resentencing disparity between a section 496d conviction and a section 496 conviction.  One reason is that the offense of buying or receiving a stolen vehicle, as opposed to other property, may have greater adverse consequences for the victims than other theft-related offenses.  The owners of vehicles are often dependent on their vehicles for transportation to work and school, and for obtaining the necessities of life, which is not as likely to be the case with theft of other forms of property.

Another reason is that, unlike other types of stolen property, stolen vehicles are often dismantled and sold for parts in "chop shops" which can raise their worth above retail value.  Section 496d was added "to the Penal Code to encompass only motor vehicles related to the receiving of stolen property."  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.)  The statute was intended to provide "'additional tools to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves.

9

Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. These proposals target persons involved in the business of vehicle theft and would identify persons having prior felony convictions for the receiving of stolen vehicles for enhanced sentences.'" (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.)

A third plausible reason for the disparity arising from excluding a section 496d conviction from qualifying for resentencing under Proposition 47 is that the voters did not intend to eliminate prosecutorial discretion to charge a section 496d offense as either a felony or misdemeanor. Our Supreme Court has ruled that "numerous factors properly may enter into a prosecutor's decision to charge under one statute and not another, such as a defendant's background and the severity of the crime, and so long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, '"one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]"' the defendant cannot make out an equal protection violation. [Citation.]" (*Wilkinson, supra,* 33 Cal.4th at pp. 838-839.) These plausible reasons provide a rational basis for any resentencing disparity that might exist between a section 496d conviction for buying or receiving a vehicle and a section 496 conviction.

In addition, someone who knowingly receives or buys a stolen vehicle is culpable of intentionally perpetuating and exploiting a vehicle theft by failing to report the theft to law enforcement by failing to return the vehicle to the owner. Such conduct provides car

10

thieves with a financial incentive to steal and dispose of vehicles. Imposing harsher penalties on those who knowingly buy or receive stolen vehicles may be intended to deter vehicle theft. This constitutes another plausible, rational reason for any disparity in resentencing as to section 496d crimes.

We also reject defendant's equal protection challenge asserting that those convicted of a vehicle theft crime (§§ 487, subd. (a), 490.2) are similarly situated to defendants convicted of the section 496d crime of receiving a stolen vehicle. Those who steal a vehicle are not similarly situated to those who buy or receive a stolen vehicle, for purposes of equal protection. Theft and the crime of receiving or buying stolen property are entirely different crimes, even if the stolen property may be of the same nature. Denying defendant's petition for resentencing on his section 496d conviction therefore does not violate defendant's equal protection rights. Defendant is not similarly situated to those resentenced on convictions for thefts and there are plausible reasons for any disparity in resentencing on a section 496d conviction and convictions for other theft related crimes.

Because we conclude defendant's conviction for violating section 496d, subdivision (a), does not qualify for resentencing as a matter of law, defendant's due process challenge to not receiving an evidentiary hearing on his resentencing petition need not be addressed as moot.

## V

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

McKINSTER _____

Acting P. J.

MILLER _____

J.